**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN CHAMAN CHUB,<br>Petitioner,<br><br>v.<br><br>WARDEN J.L. JAMISON, *et al*.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 2:26-cv-06404-JMG |

## ORDER

**AND NOW**, this 9th day of September, 2026, upon consideration of the Petition for Writ of Habeas Corpus Pursuant to 8 U.S.C. § 1225(b)(2)(A) (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

[1] The Petition alleges Mr. Chaman Chub is a native of Guatemala and has resided in the United States since he entered without inspection on or around April 2024. *See* Pet. for Habeas Corpus ¶¶ 1, 18; Resp. to Pet. For Habeas Corpus p.1. Shortly after he entered the United States in 2024, he was encountered by the Department of Homeland Security ("DHS"). Pet. for Habeas Corpus ¶ 19. DHS detained and processed Mr. Chaman Chub, initiated removal proceedings, and released him to live in Philadelphia with his brother and other friends and community members. *Id.* After his release from DHS custody, Mr. Chaman Chub remained in Philadelphia, living with his older brother and his two nephews. *Id.* ¶ 20. He obtained work authorization and found steady work with his brother as a trash collector. *Id.* With his earnings, Mr. Chaman Chub supported himself, his brother and nephews, and other family members. *Id.* He found a local Catholic church and regularly attended services and church events. *Id.* Mr. Chaman Chub complied with all the conditions of his removal proceedings and immigration release. *Id.* ¶ 21. He attended each hearing and checked in with ICE at each scheduled appointment. *Id.* He also submitted an asylum application and obtained lawful work authorization. *Id.* His immigration proceedings are still pending at the Philadelphia Immigration Court, although the court has not yet scheduled the next hearing in his case. *Id.* Nevertheless, on August 26, 2026, DHS arrested and detained him at a required routine ICE check-in with no prior notice or opportunity to contest his detention. *Id.* at ¶¶ 2, 22.

The Government does not dispute that Petitioner is presently being held without the benefit of a bond hearing, which this Court has repeatedly ruled, and the Third Circuit has now affirmed, must

2. Mr. Chaman Chub is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3. The Government shall **RELEASE** Mr. Chaman Chub from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on September 11, 2026;

4. If the Government chooses to pursue re-detention of Mr. Chaman Chub pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

be afforded him. *Buele Morocho v. Warden*, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). The Government in fact recognizes that the U.S. Court of Appeals for the Third Circuit rejected the government's reading of § 1225(b) and concluded that such noncitizens may not be detained without a bond determination. Resp. to Pet. For Habeas Corpus p.1.

Therefore, as Petitioner argues, the Third Circuit held, and the Government recognizes, Mr. Chaman Chub's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.